**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BILLIE JEAN YOUNG, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff Billie Jean Young ("Ms. Young"), by and through her attorney, Kelli Dudley of the Law Office of Kelli Dudley, and, based on personal knowledge, alleges as follows as for her Complaint against Bank of America, N.A.:

**INTRODUCTION**

1.      Defendant Bank of America, N.A. (BOA) and its agents are seeking to foreclose on Ms. Young's residential property through the courts.

2.      Ms. Young has applied for a mortgage loan modification from Defendant BOA under the Making Home Affordable Program, commonly known as HAMP. Ms. Young suffers from dementia, and has assistance necessary to her daily living from her two daughters, Ms. Martha Young-Andrews (Daughter Martha) and Ms. Rebecca Levant (Daughter Rebecca). Ms. Young was denied a modification because Defendant BOA stated she did not live in the property due to some of her correspondence being addressed to Daughter Martha. Ms. Young provided a doctor's statement about her disability. The correspondence is addressed to Daughter Martha because Daughter Martha makes financial decisions Ms. Young cannot make due to her disability. Defendant BOA's action was discriminatory in violation of the Fair Housing Act and

1

Equal Credit Opportunity Act. Ms. Young seeks relief, including declaratory and injunctive relief, a temporary restraining order preventing sale of her home through a judicial sale or auction, equitable relief and damages.

## PARTIES, JURISDICTION AND VENUE

3.     Defendant BOA owns or services home loans and investments secured by properties such as Ms. Young's property. Defendant BOA is the purported owner of and servicer of Ms. Young's mortgage. Defendant BOA administers a program to determine whether applicants qualify for a mortgage loan modification.

4.     At relevant times, Defendant BOA perpetrated its conduct below individually and/or by and through its agents, over whom Defendant BOA exerted operational control concerning the facts at bar.

5.      Defendant BOA is a corporation organized under the laws of the State of Delaware and conducting business, including the subject mortgage loan and modification denial in the County of Cook and State of Illinois.

6.     Ms. Young is a citizen of the State of Illinois.

7.     The subject property is located in the City of Evanston, County of Cook, State of Illinois.

8.     This matter involves Federal statutes, including the Fair Housing Act and Equal Credit Opportunity Act.  This is an action for violation of 42 U.S.C. §3601 *et seq*. (Fair Housing Act), and 15 U.S.C. §1691 *et seq*. (Equal Credit Opportunity Act).

9.     . This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question).

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because each Defendant is a corporation subject to personal jurisdiction this district.

## SUBSTANTIVE ALLEGATIONS

1.     Ms. Young, a 74-year-old woman who has dementia, seeks to avoid the loss of her home through a foreclosure process that would be prevented but for the discriminatory conduct of Defendant BOA as described herein.

2.     Defendant BOA extended, maintained, and/or serviced a home loan (including ownership of the security interest in such loans) held by Ms. Young.

3.     On or about January 26, 2009, Defendant BOA filed its complaint to foreclose a mortgage on Ms. Young's property located at 2221 Foster Street, Evanston, Illinois  60201.

4.     Ms. Young resided at 2221 Foster Street, Evanston, Illinois  60201 with Daughter Rebecca and a grandchild, and continues to reside there through the present day.

5.     Ms. Young also received, and continues to receive through the present day, assistance with her medical and financial matters, including bill payment, from Daughter Martha who lives a short distance from Ms. Young at 1710 Monroe Street, Evanston, Illinois  60602. Daughter Martha holds a Power of Attorney for Ms. Young's financial matters. At all relevant times, BOA was aware of the Power of Attorney.

6.     At various times, Ms. Young applied for a loan modification to make her home affordable, to reduce mortgage payments, and to avoid foreclosure.

7.     In response to inquiries from BOA concerning Ms. Young's living at 2221 Foster Street, Evanston, but receiving some correspondence at Daughter Martha's house, Ms. Young explained her disability of dementia and the need for an accommodation of receiving some mail

at Daughter Martha's house to Defendant BOA. As early as 2009, Ms. Young provided a letter from her doctor describing her disability.

8.     Despite receiving explanations about Ms. Young's disability, her living arrangements, her continued residence at 2221 Foster Street, Evanston, Illinois, and the disability-related reason for some correspondence being related to Daughter Martha's home, Defendant BOA continued to state that Ms. Young did not qualify for a modification because 2221 Foster Street was not her residence.

9.     Most recently, Ms. Young received correspondence from Defendant BOA denying a loan modification on or about May 11, 2011.

10.     In response to the May 11, 2011, letter, Daughter Martha called Defendant BOA and was told by a representative that the reason for the denial was that Defendant BOA did not believe 2221 Foster Street, Evanston, was Ms. Young's residence.

11.     In fact, 2221 Foster Street, Evanston, has been Ms. Young's residence for several decades and continues to be her residence. Defendant BOA's determination the property is non-residential is based solely on discrimination because of Ms. Young's disability, which requires that she receive some of her mail at Daughter Martha's address.

## CAUSES OF ACTION

12.     Ms. Young brings each of the following causes of action individually and in the alternative as required by applicable facts or law.

### Count I – Fair Housing Act and Fair Housing Amendments Act – 42 U.S.C. §3601 *et seq.*)

13.     Ms. Young incorporates each and every preceding paragraph stated above, inclusively, as though the same were fully set forth herein.

14.     The Fair Housing Act, 42 U.S.C. §3601 *et seq.*, was first enacted in 1968

to prohibit discrimination in connection with real estate transactions, including home purchases and refinancing. The Act has been broadly construed by the courts to make effective its provisions to protect consumers. The act was amended in 1988 by the Fair Housing Amendments Act to include handicap (disability) as a basis for prohibited discrimination.

15.     The Act prohibits mortgage lenders from imposing different terms or conditions on a loan, such as different interest rates, points or fees, or refusing to extend or a loan, on the basis of disability.

16.     As set forth above, Defendant BOA denied Ms. Young a loan modification solely on the basis of her disability (handicap), dementia, a age-related disability.

17.     In addition or in the alternative, under the guise of these purportedly facially-neutral loan modification policies and practices, Defendant BOA had a discriminatory effect because categorizing any situation where a borrower received correspondence at a different address than his or her primary address as a situation where the borrower did not live at his or her primary address prevented loan modifications being granted to people with disabilities like dementia who needed the reasonable accommodation of receiving correspondence at another address, so as to be functionally equivalent to intentional discrimination.

18.     In addition or in the alternative, Defendant BOA failed to grant a reasonable accommodation by refusing to modify its policy of categorizing any situation where a borrower received correspondence at a different address than his or her primary address as a situation where the borrower did not live at his or her primary address. In Ms. Young's case, it would be a reasonable accommodation to modify the policy to allow the loan modification underwriter to recognize that Ms. Young did live at her address at 2221 Foster Street, Evanston, Illinois and

only received correspondence at Daughter Martha's house because of her disability (handicap) of dementia.

19.    By the actions described above, Defendants have violated 42 U.S.C. §§3601, 3604, and 3605. Section 3605 states that "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race . . . handicap . . . ."

20.    Ms. Young was and is qualified for a loan modification and similarly-situated applicants without a disability (handicap) receive loan modifications from Defendant BOA.

21.    Defendant BOA continues to discriminate against Ms. Young by refusing her loan modification, a decision based on her disability (handicap) and to provide loan modifications to people without disabilities (handicaps) with similar qualifications, and its policies and practices will continue to have a discriminatory impact in violation of the Act against Ms. Young. Irreparable harm will be done if her home is sold at a foreclosure auction currently permitted to take place on February 15, 2012. Ms. Young will suffer the permanent loss of her residential home.

22.    Treating Ms. Young differently differently in mortgage lending and loan modification decisions based on her disability (handicap) violates this Act. As a proximate result of Defendant BOA's systematic violation of this Act, Ms. Young is entitled to the relief requested herein.

**Count II - Equal Credit Opportunity Act – 15 U.S.C. §1691 *et seq*.**

23.    Ms. Young incorporates each and every preceding paragraph stated above, inclusive, as though the same were fully set forth herein.

24. The Equal Credit Opportunity Act was first enacted in 1974 as a consumer protection statute prohibiting discrimination in the issuing of credit. The Act has been broadly construed by the courts in order to make effective its provisions to protect consumers.

25. Defendant BOA is a creditors within the meaning of 15 U.S.C. § 1691(e). The loan modification for which Ms. Young applied and was denied is a credit transaction. The Act provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction…on the basis of . .. age". 15 U.S.C. §1691(a)(1). Ms. Young was and is denied a loan modification on a discriminatory basis, age, because she is 74 years old and has an age-related disability, dementia.

26. Defendant BOA discriminated against Ms. Young because she acquired an age-related disability of dementia and required the assistance of her daughters in receiving correspondence and making medical and financial decisions, as set forth above. Defendant BOA continues to engage in conduct that disregards the rights of Ms. Young and causes irreparable harm, namely, the loss of her residential home on or about February 15, 2012, through a foreclosure auction, if not enjoined from such violations by this Court.

### Count III – Declaratory Judgment

27. Ms. Young repeats and realleges the preceding allegations as though fully set forth herein.

28. Ms. Young, on the one hand, and Defendant BOA, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

7

29.    Ms. Young has an interest in and a right to remain an owner of her home, including the right to be considered for a loan modification on a non-discriminatory basis. Defendants BOA, by contrast, has a demonstrated interest in denying loan modification applications in a discriminatory manner that is unlawful.

30.    Ms. Young is entitled to a declaration, *inter alia,* that that Defendant BOA cannot apply discriminatory criteria and cannot sell her home at a foreclosure auction set for February 15, 2012, or soon thereafter, that has resulted from a foreclosure action that arose because of the discriminatory conduct complained of herein.

31.    Inasmuch as interest, late charges, costs of litigation and collection and other charges have been taxed against Ms. Young due to the wrongful and illegally discriminatory denial of her loan modification application, Ms. Young seeks a declaration that such charges are unlawful and an order providing for a refund or credit of such charges, including associated interest, financial charges and damages, and an appropriate accounting thereof.

32.    Ms. Young seeks corresponding injunctive relief, including a Court order that Defendant BOA is restrained from selling her residential property at 2221 Foster, Evanston, Illinois in a foreclosure auction.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues which it has a right for a jury to render judgment.

### PRAYER

WHEREFORE, Plaintiff, Ms. Young, prays for entry of judgment as follows:

A.   Entering judgment in favor of Plaintiff, Ms. Young, and against Defendant Bank of America, N.A.

B.   Declaring that Defendant Bank of America, N.A.'s practices, as described herein, violate the Fair Housing Act, the Fair Housing Amendments Act, and the Equal Credit Opportunity Act.

C.   Issuing a Temporary Restraining Order preventing Defendant Bank of America, N.A. from selling, or causing to be sold, Ms. Young's property through a judicial sale or auction or similar procedure.

D.   Enjoining the complained-of conduct and Ordering Defendant Bank of America, N.A. to modify its lending practices to comport with the law. Plaintiff requests that the Court exercise its equitable jurisdiction and order Defendant Bank of America, N.A. to cease and desist from the unlawful conduct described above, and hereafter modify their lending and loan modification practices to conform with statutory requirements.

Plaintiff Ms. Young further requests that the Court retain jurisdiction on an ongoing basis in order to ensure and, where necessary, enforce compliance.

E.   Enjoining Defendant Bank of America, N.A. from selling Plaintiff Ms. Young's home at 2221 Foster Street, Evanston, Illinois at a judicial auction or causing any such sale to take place.

F.   Awarding attorney fees and costs to Plaintiff as allowed by law; and

G.   For such other relief as the Court deems just under the circumstances.

Respectfully submitted,

BILLIE JEAN YOUNG


/s/Kelli Dudley
By: _____
Kelli Dudley, Attorney for Plaintiff Billie Jean Young

Kelli Dudley, The Law Office of Kelli Dudley
9130 S. Houston Ave., 1st Floor
Chicago, IL 60617-4319
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #40828

9